### FEDERAL COAL CO. et al. v. BALLARD et al.

(Circuit Court of Appeals, Sixth Circuit.   March 15, 1918.)

No. 3138.

CORPORATIONS ⊜⇒574—REORGANIZATION OF CORPORATION—PRELIMINARY INJUNCTION.

> An order granting a preliminary injunction, and appointing receivers in connection with the proceedings for reorganization of an insolvent corporation, affirmed as modified.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit in equity by S. Thurston Ballard and others against the Federal Coal Company, T. R. Preston, C. M. Preston, F. B. Martin, W. A. Sadd, L. A. Powell, and others. From an order for preliminary injunction and receivers, defendants appeal. Modified and affirmed.

Charles C. Moore, J. J. Lynch, and Allison, Lynch & Phillips, all of Chattanooga, Tenn., and Harmon, Colston, Goldsmith & Hoadley and Edw. Colston, all of Cincinnati, Ohio, for appellants.

T. Kennedy Helm and Stanley E. Sloss, both of Louisville, Ky. (Helm & Helm and Bingham, Sloss, Tabb & Mann, all of Louisville, Ky., of counsel), for appellees.

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Appeal from an order for preliminary injunction and for receivers. We agree with Judge Cochran·that the arbiter who gave the "Chattanooga interests" the majority in the meeting of September 15th was disqualified by interest, and that the proceedings of that meeting were incidental to a deliberate plan for overriding an essential provision of the reorganization agreement.

We also agree with him that it is unnecessary now to determine the validity of the voting trust. The plainest principles of fair dealing not only require that the Chattanooga interests should co-operate in every reasonable way to make the voting trust valid and effective as they agreed, but also demand that, if the law does not permit this result, the reorganization agreement shall fail entirely, and the property be sold and the proceeds distributed as if that agreement had not been made. We need only say that the voting trust is not so apparently, or so surely, invalid—under the laws of a state to which the parties may resort for organization or under the laws of Kentucky—as to require us now to assume that invalidity.

The mandatory provisions for recalling and placing in the custody of the clerk the temporary bonds which were issued just before the bill ·was filed, but while the controversy was pending in another form, may well have been thought reasonably necessary to effective maintenance of the status quo during this litigation, and are approved; but those further mandatory provisions, which direct releases, cancellations, or the execution of conveyances, transfers, deeds, etc., seem to go beyond the scope of a provisional order, and they should be suspended, but without prejudice to the re-entry of any, or all of them upon final decree, or earlier, if any exigency shall require, and without prejudice to the broadening of the injunction and receivership in any way that may be necessary to make them efficient.

In all other respects, the order is affirmed. No costs are awarded.